ROGERS NAT. BANK v. MARION COUNTY et al. (No. 1537.)*

(Court of Civil Appeals of Texas. Texarkana. Dec. 29, 1915. Rehearing Denied Jan. 13, 1916.)

1. COUNTIES ☞165 — INCURRING "DEBT" — PROVISION FOR PAYMENT.

Within Const. art. 11, § 7, inhibiting a county from incurring a debt unless provision is made at the same time for levying and collecting a tax for its payment, a warrant for a courthouse site is a "debt," being a pecuniary obligation imposed by contract, to be satisfied out of its revenues for the second year thereafter.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 246–248; Dec. Dig. ☞165.

For other definitions, see Words and Phrases, First and Second Series, Debt.]

2. COUNTIES ☞222—ACTION AGAINST—PETITION—PROVISION FOR PAYMENT OF DEBT.

The petition against a county for a debt is bad if not showing that provision for its payment was made when it was created, as required by Const. art. 11, § 7.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 355–359; Dec. Dig. ☞222.]

3. COUNTIES ☞165—INCURRING DEBT—"PROVISION" FOR PAYMENT.

The drawing of a warrant against the county's general fund for the second year thereafter is not "provision" within Const. art. 11, § 7, inhibiting a county incurring debt unless provision is made at the same time for levying and collecting a tax for its payment.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 246–248; Dec. Dig. ☞165.

For other definitions, see Words and Phrases, First and Second Series, Provision.]

4. COUNTIES ☞167—PURCHASE OF LOTS—INVALID WARRANT—RIGHTS OF ASSIGNEE.

Assignment of a county warrant, given for the purchase price of lots for a courthouse, and invalid because provision for its payment was not made as required by Const. art. 11, § 7, gives the assignee no right of the assignor, vendor of the lots, to have title to the lots divested out of the county.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 249; Dec. Dig. ☞167.]

Appeal from District Court, Marion County; J. A. Ward, Judge.

Action by the Rogers National Bank against Marion County and another. From an adverse judgment, plaintiff appeals. Affirmed.

This suit, as commenced, was by appellant alone against appellees Marion county and Davis Biggs, county treasurer of that county. Appellant's original petition, omitting formal parts, was as follows:

"(2) That the said Marion county is justly indebted to the plaintiff, the Rogers National Bank, in the sum of $1,074.75 with 6 per cent. interest from February 13, 1913. That said money became due on February 15, 1915. Said amount is due to said Rogers National Bank by virtue of warrant No. 32, issued by L. E. Pursell, county clerk of Marion county, Tex., on the 13th day of February, 1913, directed to the treasurer of Marion county, Tex., for the sum of $1,074.75, being the amount allowed by the commissioners' court of said county at its February term, 1913, for the courthouse lots. Said warrant was issued in accordance with, and by virtue of, an order of the commissioners' court, passed by said court on the 13th day of February, 1913, and registered by J. H. Rowell, Jr., the then county treasurer of said Marion county, and such registration was indorsed on said warrant as follows: 'No. 21, Registered 13th day of February, 1913.'

"The following is a copy of said warrant:

"'No. 32. Treasurer County of Marion, State of Texas: Pay to W. B. Ward or bearer the sum of one thousand & seventy-four & 75/100 dollars out of the general county fund, being the amount allowed by the commissioners' court of said county at its February term, 1913, for C. H. lots. Due February 15th, 1915, interest at 6% from date.

"'Witness my hand and seal of said court at Jefferson, Texas, this 13th day of February, 1913.    L. E. Pursell, Co. Clk.

"'Minute Book F.

"'Page 324–7.

"'Indorsed: No. 21, Registered the 13th day of February, 1913.

"'J. H. Rowell, Jr., County Treasurer.'

"That there is money in the general fund of the county subject to the payment of said warrant in full, but the county treasurer, Davis Biggs, refuses to pay said warrant; and that the county of Marion, through its commissioners' court, has instructed the said treasurer not to pay said warrant after same had been duly presented for payment, after maturity, though often requested, the said treasurer of Marion county, nor Marion county, has paid said warrant nor any part thereof, but the sum of $1,074.75 with 6 per cent. interest from the 13th day of February, 1913, is now due and unpaid; and that said W. B. Ward, for a valuable consideration, transferred, sold and conveyed said warrant to the Rogers National Bank before the same became due, and the said Rogers National Bank became the legal owner and holder of said warrant for a valuable consideration, without any knowledge of any defect or invalidity in said warrant, and before the same was due, and before the same had been repudiated by the county of Marion.

"(4) Wherefore plaintiff brings this suit, and prays for citation against Marion county to be served on the said county judge, and also citation to be served on Davis Biggs, the treasurer, and on final hearing that the plaintiff have judgment for his debt, the interest and cost of suit, and for a mandamus compelling the said county treasurer and the said Marion county to pay said warrant in full."

The court having sustained a general demurrer to the petition, appellant, joined by W. B. Ward, B. F. Sherrell, and T. D. Rowell, who thereby sought to make themselves parties plaintiff, filed a trial amendment as follows:

"Now comes the plaintiff, and in response to the tentative ruling of the court on the general demurrer of defendant files this its trial amendment, and alleges:

"(1) That said warrant sued on was drawn against the general county fund, on February

---

12, 1913, and on that date there was on hand to the credit of said fund the sum of $5,589.60. That during the whole month of February, 1913, there was on hand to the credit of said general county fund more than $2,000 subject to the payment of said warrant. Wherefore plaintiff says that said warrant was a valid and subsisting obligation against the county, and against that fund at the time of its issuance, and that the fact that the commissioners' court fixed a date in the future for the payment of said warrant did not have the effect to vitiate the same.

"(2) Plaintiff further says that the levy of the legal rate of tax for general purposes was amply sufficient to produce and did produce revenue enough to pay all current debts and expenses and pay the warrant sued on, and a levy of 20 cents on the hundred dollars was made each year and produced sufficient revenue so that there was to the credit of the general fund as follows:

| | | | | | |
|---|---|---|---|---|---|
| February | 1, 1913, | $2,890. | Feb. | 12, 1913, | $5,500.00 |
| May | 1, 1913, | 2,872. | Aug. | 1, 1913, | 1,422.00 |
| Feb. | 1, 1914, | 393. | May | 1, 1914, | 3,767.00 |
| Aug. | 1, 1914, | 2,248. | Feb. | 15, 1915, | 4,730.00 |

"The warrant was issued February 1, 1913, and became due February 15, 1915.

"(3) Comes W. B. Ward, B. F. Sherrell, and T. D. Rowell, and join the plaintiff in the following allegation: That the title to the lots on which the New Court was built was secured by said Ward, Sherrell, and Rowell, as follows: W. B. Ward, B. F. Sherrell, and T. D. Rowell conveyed to Marion county part of lot 2, Blk. 7, 14½ feet of lot 1, Blk. 7, 8 feet of lot 2, Blk. 7, dated February 6, 1913, recorded Bk. M–1, p. 102, for a recited consideration of $400.00. Alice Green conveyed to Marion county E. ½ of lot 2, Blk. 7, dated November 26, 1912, recorded K–1, p. 43. That B. F. Sherrell conveyed to Marion county fractional parts of lots 1 and 2, Blk. 7, by deed dated February 6, 1913, recorded in Bk. M–1, p. 38. That W. B. Ward conveyed to Marion county undivided one-half of lot 2, Blk. 7, 21 feet on Austin street and 21 feet on Dallas street, recorded in Bk. M–1, p. 38. That J. M. De Ware conveyed to Marion county 35½ feet out of lot 1, Blk. 7, Urquhart division by deed dated December 12, 1912, which is of record in Marion county. J. H. Bemis to Marion county 35½ ft. of lot 1, Blk. 7, November 27, 1912, consideration $250.00.

"That the consideration of said deeds were paid by W. B. Ward, amounting in the aggregate to the amount of the warrant, the consideration for each deed being expressed therein, except the deed from Markos, which was $250.00 instead of $200.00. That said Ward paid this at the instance and under the direction of R. A. Loomis, county judge of Marion county, with the understanding upon the part of him, the said R. A. Loomis, county judge, that Marion county was to repay him these amounts.

"Plaintiff and W. B. Ward, B. F. Sherrell, and T. D. Rowell pray that, in event Marion county refuses to pay the purchase money for said lots, that all title thereto be divested out of Marion county and vested in plaintiff as the payor of the purchase money, or in said Ward, Sherrell, and Rowell, trustees for the benefit of plaintiff, as such ultimate payor of the purchase money, and payee of this warrant. That of the above deeds $1,000 was the actual money paid, and the remainder of the warrant was for actual expenses in procuring said deeds."

Appellees, by a general exception and by a special exception, on the ground that it did not appear from same that the commissioners' court at the time the warrant sued upon was issued provided a fund out of which to pay it, and interest thereon, when it matured, questioned the sufficiency of the petition as so amended; by other special exceptions questioned the right of Ward, Sherrell, and Rowell to make themselves parties plaintiff as attempted; and by still other special exceptions attacked the petition as amended on the ground that it showed a misjoinder of causes of action. This appeal is by the bank alone from a judgment sustaining said exceptions and dismissing the suit.

W. L. Grogan, of Jefferson, and F. H. Prendergast, of Marshall, for appellant. C. C. Hines, of Jefferson, and O'Neal & Allday, of Atlanta, for appellees.

WILLSON, C. J. (after stating the facts as above). · [1] A part of section 7 of article 11 of the Constitution is as follows:

"No debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least 2 per cent. as a sinking fund."

In McNeal v. City of Waco, 89 Tex. 83, 33 S. W. 322, the Supreme Court determined the meaning of the word "debt" as used in said section of the Constitution to be:

"Any pecuniary obligation imposed by contract except such. as are at the date of the contract, within the lawful and reasonable contemplation of the parties, to be satisfied out of the current revenues for the year, or out of some fund then within the immediate control of the corporation."

Tested by this definition, the warrant sued upon clearly was a "debt" within the meaning of the part of section 7 set out above; for it was a "pecuniary obligation imposed by contract," and was to be satisfied out of the revenues of the county for the year 1915, and not out of its current revenues for the year 1913, when it was created, nor out of any fund then "within the immediate control" of the county.

[2] That a petition in a suit against a county for such a debt is demurrable if it does not appear from the allegations therein that provision as required by the Constitution for paying same was made at the time the debt was created, is settled by the decision of the Supreme Court in the case cited above.

[3] If therefore appellant failed to allege in its petition as amended that such provision was made, it is clear the trial court did not err in his rulings on the demurrers so far as they questioned the sufficiency of the allegations to show a right in appellant to recover on the warrant.

The question, then, with reference to this branch of the case is this: Did it appear from those allegations that the requirement of the Constitution had been complied with?

Appellant insists it did so appear, and, as supporting its contention, calls attention to the allegation that the warrant was drawn against the general county fund, and to the allegation that:

"The levy of the legal rate of tax for general purposes was amply sufficient to produce, and did produce, revenue enough to pay all current debts and expenses and pay the warrant sued on, and a levy of 20 cents on the hundred dollars was made each year."

These allegations show nothing more than that the warrant was to be paid out of the general county fund for the year 1915, and that that fund was sufficient for the purpose. That the "provision" alleged to have been so made was not such as the Constitution required to be made was in effect settled by the Supreme Court in City of Terrell v. Dessaint, 71 Tex. 770, 9 S. W. 593. In that case Dessaint recovered on a promissory note made by the city of Terrell, payable two years after its date "out of the tax of one-fourth of one per cent. collected annually for general purposes." The note was for part of the purchase price of material for extending waterworks. Dessaint claimed that the debt it evidenced was current expenses of the city, and, being chargeable against the current expense fund, was not within the purview of the inhibition in the part of section 7 of the Constitution set out above. In disposing of the contention Judge Gains said:

"We think that a debt for current expenses in order to be valid without a compliance with the constitutional and statutory requirements to which we have referred must run concurrently with current resources for such purposes, and that such a debt cannot be created without such compliance, which matures at such a time as would make it a charge upon the future resources of the city. It may not be easy to define accurately what are the current expenses of a municipality. But we may ask, if a city can create a debt of $1,500 for materials to extend its waterworks and make it payable with interest one and two years after date, why may it not create an indebtedness for a larger sum for any public improvement which it has the power to construct, and make it payable at a longer period? It is clear to us that if this were permitted the provisions of our Constitution and statutes which limit the power and regulate the manner of the creation of municipal indebtedness would be entirely nugatory."

We are of opinion therefore it did not appear from the allegations in the petition that provision was made at the time it was created for the payment of the debt evidenced by the warrant, and hence that the petition failed to show appellant to be entitled to recover thereon.

[4] But appellant insists that, if it appeared it was not entitled to recover on the warrant because of its illegality, the judgment nevertheless is erroneous because it appeared that it was, in that event, entitled to have the title to the land divested out of Marion county and vested in it, or in Ward, Sherrell, and Rowell as trustees for its benefit, as prayed for in the trial amendment. If appellant was entitled to relief of that kind, it must have been because Ward, Sherrell, and Rowell, or one or more of them, were entitled to it, and appellant in some lawful way had acquired their or his right. That appellant did not acquire such a right by the assignment to it, as alleged, of the warrant sued upon, we think is reasonably clear. Farmers' Loan & Trust Co. v. Beckley, 93 Tex. 267, 54 S. W. 1027. It was not pretended in the allegations that appellant had acquired such a right in any other way. Therefore we think it must be held that the petition failed to show appellant to be entitled to recover the land. As neither Ward, Sherrell, nor Rowell appealed from the judgment, it is not necessary in disposing of the case to determine whether it appeared that they, or either of them, were entitled to recover back the land or not. It not appearing that appellant had acquired such a right in them, if they had any, appellant is not entitled to have that question determined.

The judgment is affirmed.