**HARRIS v. ROAD DIST. No. 4, SAN JACINTO COUNTY. (No. 1424.)**

(Court of Civil Appeals of Texas. Beaumont. Jan. 19, 1927. Rehearing Denied Feb. 2, 1927.)

1. Bridges ⬤⟹20(2)—Where there was no advertisement for bids, contract for construction of bridges was void (Rev. St. 1925, art. 2368).

Where contractor who was awarded contract for construction of roads, bridges, and culverts was relieved from part of contract regarding bridges and culverts, and there was no advertisement later for bids for bridge and culvert work, and plaintiff who performed work did not file bids and did not furnish bond, oral contract for construction of bridges and culverts was void, in view of Rev. St. 1925, art. 2368.

2. Bridges ⬤⟹20(6)—Complaint held not to allege assignment of contract for construction of bridges and culverts from one who was awarded contract to one who performed work.

Complaint, in suit to recover balance on warrant for construction of bridges and culverts, held not to allege that contract for construction of same had been assigned from one who was awarded contract to one who constructed bridges and culverts.

3. Bridges ⬤⟹20(2)—That matter was once advertised and contract let for part of work did not remove necessity of advertising for subsequent letting of contract (Rev. St. 1925, art. 2368).

That commissioners' court advertised for bids for construction of highways, bridges, and culverts did not remove necessity of advertising for subsequent letting of contract for construction of bridges and culverts, in view of Rev. St. 1925, art. 2368.

4. Bridges ⬤⟹20(2)—When contractor who was awarded contract for roads, bridges, and culverts was relieved from construction of bridges, and culverts, it left them as though they had never been advertised (Rev. St. 1925, art. 2368).

Where commissioners' court had advertised for bids for construction of roads, bridges, and

culverts, and commissioners' court and contractor who was awarded contract agreed that contractor should be relieved from part of contract calling for building of bridges and culverts, 'it left them as though they had never been advertised, in view of Rev. St. 1925, art. 2368.

**5. Bridges 🗝20(2)—That one performing work did so at same cost as contractor awarded contract did not eliminate necessity for advertisement for bids (Rev. St. 1925, art. 2368).**

That one who contracted for construction of bridges and culverts, after one who had been awarded contract had been relieved from part of contract calling for construction of bridges and culverts, contracted at same cost as original contractor had contracted for did not relieve second contractor from requirement of Rev. St. 1925, art. 2368, requiring advertising for bids.

**6. Bridges 🗝20(2)—That commissioners' court approved claim for building bridges and caused warrant to be issued did not give validity to unlawful contract for construction of bridges (Rev. St. 1925, art. 2368).**

That commissioners' court approved claim of contractor for building of bridges and culverts and caused warrant sued on to be issued did not give validity to contract which was unlawful because requirements of Rev. St. 1925, art. 2368, had not been complied with.

**7. Bridges 🗝20(2)—Estoppel cannot be invoked to aid in enforcement of illegal contract (Rev. St. 1925, art. 2368).**

Estoppel cannot be invoked against road district to aid in enforcement of contract for construction of bridges and culverts, which was made in contravention of positive prohibition of Rev. St. 1925, art. 2368, providing that no commissioners' court shall make contract calling for expenditure of $2,000 or more without advertising for bids.

**8. Bridges 🗝20(4)—Transfer of road district warrant by indorsement, without recourse, and by delivery did not transfer right of contractor to have title in bridges constructed adjudged to him.**

Transfer of road district warrant by contractor by simple indorsement, without recourse, and by delivery to plaintiff, who was not named as indorsee, did not transfer right of contractor to have adjudged to him title to bridges constructed, upon disavowal of contract by road district and refusal to pay warrant.

**9. Limitation of actions 🗝127(13)—As respects limitations, where original suit was upon road district warrant, cause of action in amended petition for materials and labor furnished and for lien was new cause of action.**

As respects limitations, where original suit was brought upon road district warrant only, cause of action set up in amended petition for amount of said warrant as for material furnished and labor done and to have lien impressed upon bridges and culverts constructed was new cause of action, set up for first time in amended petition.

Error from District Court, San Jacinto County; J. L. Manry, Judge.

Action by W. M. Harris against Road District No. 4 of San Jacinto County. Judgment for defendant, and plaintiff brings error. Affirmed.

W. L. Hill, of Houston, for plaintiff in error.

Dean & Humphrey, of Huntsville, for defendant in error.

O'QUINN, J. The following statement of the nature and result of the suit is taken from plaintiff in error's brief:

"This suit was brought in June, 1923, in the district court of San Jacinto county, by plaintiff in error, as plaintiff, against the defendant in error, as defendant, seeking to recover a balance of $11,000 on a warrant issued by order of the commissioners' court of San Jacinto county on the funds of the defendant in error, in payment for materials furnished and labor performed in the construction of bridges and culverts in said road district No. 4.

"In his petition, plaintiff alleged that the defendant is a body corporate and politic, a subdivision of San Jacinto county, duly and legally created as a road district by order duly entered by the commissioners' court of San Jacinto county, in accordance with the statutes of this state, and was such incorporated road district at and prior to the creation of the cause of action set forth, and that the commissioners' court of said county is charged by law with the duty of supervising and controlling all business matters pertaining to said district.

"That on August 15, 1919, an election was duly ordered by the commissioners' court of said county to be held on September 27th of that year, by the qualified voters of said district to determine whether the bonds of said district, in the sum of $200,000, should be issued for the purpose of constructing, maintaining, and operating macadamized, graveled, or paved roads and turnpikes or in aid thereof; that said election was duly held, and thereat the qualified voters of said district, by a two-thirds majority of all votes cast, voted in favor of the issuance of said bonds and the result of the election was duly and legally declared, and said bonds were duly and legally authorized to be issued by an order thereafter entered of record by the commissioners' court of said county, and said bonds were duly and legally issued.

"That said bonds of said road district No. 4 were sold, and said district received the proceeds thereof, and that said district, acting by and through the commissioners' court of said county, after advertisement duly made as required by law, entered into a contract with the East Texas Construction Company, of date December 14, 1919, for the construction of roads and bridges in said road district, and that subsequent thereto, in January, 1920, by agreement between said East Texas Construction Company and the commissioners' court of San Jacinto county, the East Texas Construction Company was relieved of the bridge work to be done under said contract, and that obligation was assumed by Austin Bros. Bridge Company, said materials and work to be done at the same contract price, to wit, cost plus 15 per cent., and that said bridge work was done under the su-

pervision of the commissioners' court and the county commissioner in whose precinct said road district No. 4 is situated.

"That at the time of said agreement between the commissioners' court and the commissioner having supervision of the roads of road district No. 4 with said Austin Bros. Bridge Company, for furnishing bridge materials and constructing bridges on the public roads of said road district, said road district had on hand to its credit, from the sale of its bonds, sufficient funds with which to pay for all said bridges constructed by said Austin Bros. Bridge Company under said contract.

"That at the time said contract was made, it was contemplated and agreed that Austin Bros. Bridge Company would be paid for said materials and constructing said bridges out of the proceeds of the sale of said bonds.

"That said Austin Bros. Bridge Company fully completed its contract with said road district and constructed the bridges mentioned in said contract on the public roads in said district, in accordance with said agreement, and was entitled to receive from the proceeds of the sale of said bonds moneys sufficient to pay it for the construction of said bridges at the contract price of actual cost of material and bridge work, plus 15 per cent.

"That the commissioners' court of San Jacinto county, acting for and on behalf of said road district, duly audited, approved, and allowed the account presented by Austin Bros. Bridge Company for the construction of said bridges and furnishing of said materials, and a demand warrant for $15,000 was issued to Austin Bros. Bridge Company, in final settlement with them for the construction of said bridges and materials furnished, evidencing its claim for said bridge work and materials, which warrant was issued pursuant to an order of the commissioners' court allowing and approving said claim, and was duly issued and delivered to Austin Bros. Bridge Company, being warrant No. 4237, dated July 13, 1920, whereby the county treasurer of San Jacinto county was ordered to pay to Austin Bros. Bridge Company, or bearer, said sum of money for and on behalf of said road district No. 4.

"That after the issuance of said warrant said road district received $48,000, out of which said warrant was to be and could have been paid, and in due course of business, and for value, plaintiff purchased and became the owner of said warrant, and the same was duly transferred to him by the payee therein named, and this plaintiff is now the legal owner and holder of said warrant; that at the time plaintiff purchased said warrant he was assured by the commissioners' court of San Jacinto county, acting for said road district, that the same would be paid out of funds then in its possession or under its control.

"That by reason of the issuance and delivery of said warrant the defendant promised and obligated itself to pay to plaintiff the sum named in said warrant on demand, and that plaintiff duly presented said warrant to the county treasurer of San Jacinto county immediately upon his purchase thereof, and upon divers dates thereafter, and demanded payment thereof, and the same was by said treasurer, acting for said road district, refused, except a payment of $4,000, made and credited thereon on May 17, 1921.

"That on the —— day of ——, 192—, the commissioners' court of said county legally made and entered an order providing that said warrant herein sued on should bear interest from the date thereof until paid, at the rate of 8 per cent. per annum, by reason of which order said district is obligated to pay plaintiff interest on said warrant at the rate of 8 per cent. per annum from its date.

"Plaintiff further says that if it shall appear that said warrant sued upon is, for any reason, not a valid warrant, then in equity he is entitled to have judgment for amount of said warrant as for materials furnished and labor performed, and have a lien impressed upon the bridges constructed over the creeks and streams in said road district, a description of which is attached as an exhibit to said petition, and that the court should, in any event, decree a lien upon said bridges for plaintiff.

"Plaintiff prayed for judgment against defendant for the amount of said warrant, less the payment of $4,000 indorsed thereon, with interest from July 13, 1920, the date of said warrant, at the rate of eight per cent. per annum, and, in the event said warrant is held to be not a valid warrant or not collectible against said district, that he have a judgment and decree vesting in him the title to said bridges with a writ of possession.

"Attached to said petition as Exhibit A is a description of the various bridges and culverts constructed by Austin Bros. Bridge Company, under said contract alleged in said petition.

"The defendant answered by general demurrer, several special exceptions, a general denial, and specially pleaded the following defenses:

"The defendant denied that any one having authority to act for it made a legal contract with Austin Bros. Bridge Company for furnishing materials and constructing bridges on the public roads in said district, to be paid out of the funds received from the road bonds of said defendant, or otherwise.

"Defendant pleaded that neither the commissioners' court of San Jacinto county, or any one else having authority to act for it, advertised for bids for furnishing materials and constructing bridges, pursuant to a contract made with Austin Bros. Bridge Company, precedent to the furnishing of such materials and the construction of such bridges as required by law, and that if Austin Bros. Bridge Company did furnish such materials and construct bridges, as alleged in plaintiff's petition, the same was not done pursuant to a legal contract made by the commissioners' court of said county with said Austin Bros. Bridge Company, pursuant to advertisement therefor as required by law.

"That Austin Bros. Bridge Company presented no bid with defendant or with the commissioners' court of said county, pursuant to advertisement made by defendant, or on its behalf, for furnishing the materials and constructing the bridges on the public roads of said district, nor did Austin Bros. Bridge Company execute a bond to pay for the labor and materials, as required by law, and that the claim of plaintiff based on the warrant, alleged in his petition to be for $15,000, was not for emergency work or for any character of work which this defendant or said commissioners' court, acting for it, or any one else having authority thereto, for which this defendant could be bound by valid contract, in the absence of advertisement and bids there-

for and a contract secured by contractor's bond, entered into pursuant to such advertisement and bids.

"Defendant further says that the commissioners' court of San Jacinto county had no authority to issue the warrant of this defendant for $15,000 in anticipation of the uncollected proceeds of bonds issued for said road district, for the purpose of constructing, maintaining, and operating public roads, and that, if said commissioners' court had made an otherwise valid contract with Austin Bros. Bridge Company for furnishing materials and constructing bridges on the public roads of said district, such contract could only have been binding on this defendant if it provided for the payment of such materials and construction work out of the proceeds of the bonds voted by the qualified voters of said district, and if the alleged contract with Austin Bros. Bridge Company was otherwise valid, said commissioners' court had no authority to bind said road district, or the property thereof for the payment of the warrant sued on, or any amount for such materials and construction work other than out of the proceeds of the sale of said bonds; that if the alleged contract made between Austin Bros. Bridge Company and San Jacinto county was otherwise valid, this defendant could not bind itself for the payment of the warrant sued on, or for the work done, or materials furnished pursuant thereto, except out of the proceeds of the sale of the bonds issued by said road district; and defendant says that neither at the time of the filing of this suit, nor at any time since, nor at the present time has the county treasurer of San Jacinto county, or this defendant, or any one else, within the knowledge of this defendant, had or now has any funds derived from the sale of said bonds, or the demand of plaintiff for work and materials can be paid, nor has the defendant any expectation of receiving any funds derived from the sale of said bonds out of which said warrant may or can be paid.

"Specially answering that section of said amended petition in which plaintiff seeks a recovery for the alleged value of work and materials, and for foreclosure of an alleged lien on the bridges alleged to have been built by Austin Bros. Bridge Company in said road district, this defendant specially denies the right of plaintiff to such recovery and further pleads in bar of the claim of plaintiff therefor that the cause of action of plaintiff and his predecessor in claim therefor, if any he or his predecessor ever had, accrued more than two years and more than four years prior to the filing of this suit, and, said claim having been first presented in the amended petition on this day filed, the demand of plaintiff therefor is barred by the statute of limitation of two years and of four years.

"Defendant prays that plaintiff take nothing by his suit, and that it go hence without day.

"By supplemental petition, plaintiff excepted to the answer of the defendant and denied generally the allegations in said answer, and specially in reply thereto the following:

"Plaintiff says that, if, as alleged in said answer, the funds derived from the sale of said bonds are insufficient to pay said warrant sued on, the lack or insufficiency thereof is due to the malfeasance of those upon whom the law fixed the duty of acting for said road district, or to the unlawful application of said funds, without the fault of plaintiff or his predecessor in ownership of said warrant.

"Plaintiff further replied that all matters pertaining to the letting of the contract, to the approval of the work done under the contract, and to the furnishing of the materials were matters within the jurisdiction of the commissioners' court of San Jacinto county, and that all of said matters were submitted to and passed upon by said court after a full hearing, and it was thereupon determined and decreed by said commissioners' court that said material had been furnished by Austin Bros. Bridge Company, and that the work had been done in accordance with the terms of the contract in a manner satisfactory to said court, and said court accepted said work and material, and entered its order and decree approving the same, and ordered said warrant issued in payment therefor; that said order of said court was and is a court of competent jurisdiction, having jurisdiction of the subject-matter of said contract, its performance, and completion, and that the judgment of said court was and is conclusive and cannot be collaterally attacked; that so far as the answer of the defendant seeks to attack the action of said commissioners' court, the same is a collateral attack upon the judgment of the commissioners' court of said county and cannot be heard or determined by this court, except by a direct appeal from said judgment of said commissioners' court; that said judgment was not appealed from, and that the action of the defendant in seeking to resist the judgment prayed for by plaintiff in this cause is not an appeal from the judgment of said commissioners' court in said matters, but that said judgment of said commissioners' court is res adjudicata of the matters and things set up in said answer, and defendant is estopped from denying the validity of said warrant for any of the reasons alleged in said answer.

"Further replying to said answer, plaintiff says that the contract entered into between defendant, road district, acting by and through said commissioners' court, and Austin Bros. Bridge Company was such a contract as said court was authorized to make on behalf of said road district, and that the obligation created by said court on behalf of said road district and sued on herein was such an obligation as said court was expressly authorized by statute to make, to be paid for out of the sale of its bonds, or by the levy of taxes on the taxable property in said district sufficient to pay the same."

The case went to trial upon the second amended original petition of plaintiff and the first amended original answer of defendant, both of which pleadings were filed on May 14, 1925, the day on which the trial was begun. In the amended petition plaintiff in error, for the first time, asserted claim to the bridges and culverts alleged to have been constructed by his assignor, Austin Bros. Bridge Company, and for the first time attached an exhibit in which said bridges and culverts were described.

The case was tried before the court without the aid of a jury, and judgment rendered that plaintiff take nothing by his suit and that defendant go hence without day

and recover the costs of suit. The cause is before us on a writ of error for review.

Plaintiff in error's first proposition is:

"The contract between San Jacinto county road district No. 4 and East Texas Construction Association, having been let and made pursuant to due advertisement for competitive bidding, was a legal and binding contract on the parties thereto, for the furnishing of teams, tools, labor, and materials for the building and construction of graded roads, bridges, and culverts in said road district, and for the payment therefor as in said contract specified."

His second proposition is:

"East Texas Construction Association had the legal right to and did, with the knowledge and consent of said road district and the commissioners' court of San Jacinto county, sublet or assign to Austin Bros. Bridge Company and get them to take over that part of said contract relating to furnishing materials and labor and the construction of the bridges and culverts, covered by said original contract, and thereby bind and obligate Austin Bros. Bridge Company to assume and perform said work, and said road district to pay them therefor the prices stipulated in said original contract."

We will consider these propositions together. The issue made by the pleadings and evidence was not that the East Texas Construction Association had a valid contract with San Jacinto county road district No. 4 for furnishing teams, tools, labor, and material for constructing graded roads, bridges, and culverts in said road district. The issue was, after the East Texas Construction Association was relieved by the commissioners' court of San Jacinto county of that part of the contract providing for the construction of bridges and culverts and the furnishing of labor and material therefor, whether the contract was lawfully awarded by said commissioners' court to Austin Bros. Bridge Company, plaintiff in error's assignor, to build said bridges and culverts and furnish labor and material therefor.

Plaintiff in error pleaded in his trial petition that the commissioners' court relieved the East Texas Construction Association of that part of the contract providing for the construction of bridges and culverts and the furnishing of labor and material therefor in said road district No. 4, and the defendant in error in its answer averred that there was no valid contract made by the commissioners' court of San Jacinto county and Austin Bros. Bridge Company, plaintiff in error's assignor for the bridge and culvert construction.

The court, at the request of plaintiff in error, made and filed his findings of fact. These findings are not challenged by plaintiff in error, and we adopt them as our findings. They are:

"First. Prior to September 27, A. D. 1919, commissioners' precinct No. 4 of San Jacinto county was duly and regularly, by orders of the commissioners' court of said county, established as road district No. 4 of said San Jacinto county and at an election held on the 27th day of September, 1919, the qualified resident property tax-paying voters of said road district No. 4, by more than a two-thirds majority, voting at said election, voted in favor of the proposition to issue bonds in the sum of $200,000 and to levy a tax in payment therefor; and on the 13th day of October, 1919, the commissioners' court of said San Jacinto county, pursuant to the result of said bond election, ordered the bonds of said road district to be issued to the number of 200 Bonds of the denomination of $1,000 each, aggregating $200,000; and said bonds were duly and legally issued in that amount.

"Second. On the 13th day of October, 1919, the commissioners' court of San Jacinto county accepted the offer of Harold G. Wise & Co. of Houston, Tex., for the purchase of said bonds, at par and accrued interest; and thereafter the said bonds were delivered to Harold G. Wise & Co. by H. S. Lilley, county judge of San Jacinto county, and payments were made from time to time on said bonds until the said payments aggregated about $177,500 in cash, and the time certificates of deposit of various banks; but the remainder of the purchase price of said bonds had not been collected, although the commissioners' court of San Jacinto county has had attorneys employed and has used every diligence to collect the same.

"Third. Pursuant to advertisements duly published by the commissioners' court of San Jacinto county, Tex., the East Texas Construction Association, a copartnership firm, filed its bid on December 1, 1919, with the commissioners' court of said county for the construction of roads, bridges, and culverts within and for said road district No. 4, and on the same day the commissioners' court of said county, on consideration of the said bid, accepted the same, and contract was duly made by and between the said commissioners' court, acting for road district No. 4, and said East Texas Construction Association, for the clearing and grubbing of right of way and construction of roads, bridges, and culverts in and for said road district No. 4, out of the proceeds of the sale of said bonds which were voted for that purpose; and the said East Texas Construction Association made and filed with said commissioners' court its bond, as required by law, for the faithful performance of its contract, which bond was duly approved on December 1, 1919, and filed and recorded in the minutes of said commissioners' court.

"Fourth. Some time subsequent to December 1, 1919, and probably in January, 1920, though the date was not definitely fixed by the testimony of any witness, the East Texas Construction Association was, by the commissioners' court of San Jacinto county and its own consent, relieved of that part of its said contract under which it was obligated to construct the bridges and culverts on the roads which said court had designated to build in said road district No. 4, out of the proceeds of the sale of said bonds, which said bonds were ordered to be issued for the purpose of constructing, maintaining, and operating macadamized, graveled, or paved roads and turnpikes, or in aid thereof, for said road district, under and by virtue of articles 627 to 641, inclusive, of chapter 2, title 18, of the Revised Statutes of Texas. The representative of Austin Bros. Bridge Company, a

corporation of Dallas, Tex., appeared before said commissioners' court and proposed that Austin Bros. Bridge Company would construct the bridges and culverts for the roads, which were being built in said road district No. 4, on the same basis upon which said bridge company was constructing other bridges and culverts in said San Jacinto county, that basis being the cost of all materials and labor, plus 15 per cent. There were no plans and specifications prepared in advance for the bridges and culverts by or under the direction of the commissioners' court, and no advertisement for bids for construction of bridges and culverts was made after the East Texas Construction Association was relieved of its contract for the construction of bridges and culverts in and for said road district.

"Fifth. There was no official action taken by the commissioners' court of San Jacinto county on the offer of Austin Bros. Bridge Company for the construction of bridges and culverts in and for said road district; but Mr. H. S. Lilley, county judge of said county, met Mr. R. L. Puckett, the representative of Austin Bros. Bridge Company, in Houston, and told him that his company might go on with the matter of furnishing material and constructing the bridges and culverts, in and for said road district, on its cost plus proposition; and thereafter said bridge company did furnish the material and labor and did construct the bridges and culverts in and for said road district No. 4, the total cost thereof, including the 15 per cent., being between $24,000 and $25,000; and the commissioners' court paid to the said Austin Bros. Bridge Company, prior to July 12, 1920, $9,000 on the charges of said bridge company for the construction of bridges and culverts in said road district, and thereafter said commissioners' court paid to said bridge company for said work something less than $4,000 in cash, and on the 12th day of July, 1920, the commissioners' court ordered a warrant issued to said Austin Bros. Bridge Company for said work in the sum of $15,000. The language of the order authorizing the issuance of said warrant is as follows:

"'Ex parte Commissioners' Court—In the matter of issuance to Austin Bros. Bridge Company for estimate on bridge work: It is ordered by the court issued for $15,000 out of road district No. 4 bond fund.'

"This order is recorded on page 409 of Book G of the minutes of the commissioners' court of San Jacinto county.

"Thereafter, on the 13th day of July, 1920, the suit warrant in the amount of $15,000 was issued by the county clerk of San Jacinto county, payable to Austin Bros. Bridge Company out of the road building fund of said road district No. 4; and thereafter, in the spring of 1921, the $4,000 credited on said warrant was paid to Austin Bros. Bridge Company, or to W. M. Harris, assign of said bridge company of said warrant.

"Sixth. The furnishing of the materials and labor and superintendence of the building of said bridges and culverts was done without any contract between Austin Bros. Bridge Company and the commissioners' court of San Jacinto county, and was done without any advertisements therefor having been made by said court for bids for the building of bridges and culverts in said road district No. 4. The materials and labor and superintendence furnished by said Austin Bros. Bridge Company involved an ex-

pense of many times the sum of $2,000, and was not done by the day or under the direct supervision of the commissioners' court of San Jacinto county, and said Austin Bros. Bridge Company furnished no bond at any time to pay laborers engaged in said work, as required by law.

"Seventh. All of the funds collected out of the sale of the road bonds of said road district No. 4 were paid out on duly approved accounts against the building fund of said road district No. 4, including the payments made to Austin Bros. Bridge Company, as hereinbefore recited, except the sum of $207.26, which was in the Shepherd State Bank, county depository of said San Jacinto county, when said bank failed in August, 1921; and no other funds from the sale of said bonds were collected or received by the county treasurer after the failure of said county depository, nor have the county authorities succeeded in collecting any part of $227.06, which was in the county depository to the credit of the bond fund of said road district when said county depository bank failed.

"Eighth. The transfer of the suit warrant was made by Austin Bros. Bridge Company by simple indorsement thereon, without recourse, and by delivery thereof to the plaintiff, W. M. Harris, who is not named as indorsee thereof; and there was no transfer to the plaintiff, W. M. Harris, shown in evidence, or any right of recovery which Austin Bros. Bridge Company may have had as for materials and labor furnished to said road district No. 4.

"Ninth. The first time any claim was asserted by the plaintiff in this action for the value of materials and labor, furnished by Austin Bros. Bridge Company in the construction of bridges and culverts for said road district No. 4, was asserted in the second amended original petition of the plaintiff, filed herein on the 14th day of May, 1925, and to that claim the defendant pleads the statutes of limitation of two years and of four years."

[1] The evidence shows that the East Texas Construction Association was relieved of the bridge and culvert work provided for in the contract executed by the commissioners' court on behalf of defendant in error with said East Texas Construction Association, and that after it was so relieved there was no advertisement for bids pursuant to which any agreement or contract was made with Austin Bros. Bridge Company to construct the bridges and culverts; that said Austin Bros. Bridge Company did not file any bids for said work except an oral bid on a cost plus basis, and did not furnish any bond, as required by law, for this character of work. This being true, the contract with the Austin Bros. Bridge Company was void, and, the judgment of the trial court being predicated, among other reasons, upon the finding that plaintiff in error's assignor, Austin Bros. Bridge Company, had no valid contract for the construction of said bridges and culverts, was proper. Article 2368 (articles 2268-a and 2268-b, Vernon's Ann. Civ. St. Supp. 1918), Revised Statutes 1925; Ashby v. James (Tex. Civ. App.) 226 S. W. 732;

Limestone County v. Knox (Tex. Civ. App.) 234 S. W. 131; Austin Bros. Bridge Co. v. Patton (Tex. Civ. App.) 245 S. W. 996.

But plaintiff in error insists that the East Texas Construction Association had the legal right to and did, with the knowledge and consent of defendant in error, San Jacinto county road district No. 4, and the commissioners' court of San Jacinto county, sublet or assign to Austin Bros. Bridge Company, and did get them to take over that part of its contract relating to furnishing materials and labor for and the construction of the bridges and culverts covered by its original contract, and thereby did bind and obligate Austin Bros. Bridge Company to assume and perform said work and said road district to pay them therefor the price stipulated in said original contract.

The answer to this contention is of controlling importance in correctly disposing of this appeal. That the East Texas Construction Association had a lawful contract with the commissioners' court, acting for defendant in error, to construct the roads and build the bridges and culverts in road district No. 4, is not questioned, but that it, in any manner, assigned that portion of its contract relative to the building of the bridges and culverts to Austin Bros. Bridge Company is strongly denied. We think the whole record shows that there was no such assignment. Plaintiff in error, in his second amended original petition filed on the day the cause went to trial, alleged:

"Plaintiff further avers that the bonds of said district No. 4 were sold, and said district received the proceeds thereof, and the defendant, acting by and through the commissioners' court of said county, after advertisement duly made as required by law, made and entered into a contract with the East Texas Construction Company (Association) of date December 14, 1919, for the construction of roads and bridges in said road district No. 4 of San Jacinto county, and that subsequent to the awarding of said contract, to wit, in the month of January, 1920, and by agreement between the said East Texas Construction Company (Association) and the commissioners' court of San Jacinto county, the said East Texas Construction Company (Association) was relieved of the bridge work to be done under said contract, and the obligation to construct said bridges and culverts was assumed by the Austin Bros. Bridge Company, said materials and work to be done at the same contract price, to wit, cost plus 15 per cent., and the said bridge work was done under the supervision of the commissioners' court and the county commissioner in whose commissioner's precinct road district No. 4 is situated; that at the time of said agreement by and between the commissioners' court and the commissioner having supervision of the roads of road district No. 4 with the said Austin Bros. Bridge Company for the furnishing of bridge materials and for the construction of bridges of the public roads of said road district No. 4, the said road district No. 4 had on and to its credit, from the sale of bonds, issued by said district, sufficient funds with which to pay for all of said bridges constructed by the said Austin Bros. Bridge Company under said contract; that, at the time said contract was made, it was contemplated and agreed that the said Austin Bros. Bridge Company would be paid for said materials and for the construction of said bridges out of the proceeds of the sale of said bonds above described; that the said Austin Bros. Bridge Company fully completed its contract with the said road district and constructed the bridges mentioned in said contract on the public roads of said district in accordance with said agreement with the commissioners' court. * * *"

[2] It is thus seen that, according to plaintiff in error's pleading, no assignment of the contract calling for the building of bridges and culverts was made, but, to the contrary, that the original contractor, East Texas Construction Association, by an agreement between it and the commissioners' court, was relieved of that part of the contract, and that, by an agreement between Austin Bros. Bridge Company and the commissioners' court of San Jacinto county, the construction of said bridges and culverts was contracted for by Austin Bros. Bridge Company. There is no allegation in plaintiff in error's petition that Austin Bros. Bridge Company was a party to the agreement between the East Texas Construction Association and the commissioners' court, by which said association was relieved of that part of its contract to build the bridges and culverts, but, to the contrary, it is alleged that the original contractor, the East Texas Construction Association, by agreement with the commissioners' court was relieved of that part of the contract calling for the building of the bridges and culverts, and that same was awarded to Austin Bros. Bridge Company by the commissioners' court, and "that, at the time of the agreement by and between the commissioners' court * *. * with the said Austin Bros. Bridge Company for the furnishing of bridge materials and the construction of bridges on the public roads of said road district No. 4; * * * that, at the time said contract was made, it was contemplated and agreed that the said Austin Bros. Bridge Company would be paid for the materials and for the construction of said bridges out of the proceeds of said bonds above described. * * *"

The court, in his findings of fact (fourth and fifth paragraphs, supra), found against plaintiff in error's contention of assignment on the facts, and we think both the pleadings and evidence fully support the findings.

Relative to the validity of the contract of the commissioners' court with Austin Bros. Bridge Company for the construction of the bridges and culverts in question, it is contended by plaintiff in error that, assuming that the contract between the East Texas Construction Association and the commissioners' court in behalf of road district No. 4 for the building of bridges and culverts in said

290 S.W.—56

district was canceled by agreement between it and the commissioners' court, it was not necessary to readvertise for bids for the building of said bridges and culverts before the commissioners' court could legally enter into a contract with Austin Bros. Bridge Company for the building of same. In other words, plaintiff in error contends that, the commissioners' court having once, in compliance with law, advertised for bids for the construction of the roads, bridges, and culverts in road district No. 4, although no contract was made pursuant to such advertisement for the construction of the bridges and culverts, it was not necessary to readvertise upon a subsequent letting of a contract to construct same.

[3-5] We are unable to agree with this contention. The law (article 2268-a and article 2268-b [now article 2368] of Vernon's Ann. Civ. St. Supp. 1918) is mandatory that no contract shall be made, such as is here involved, without advertising for bids, and the fact that the matter was once advertised and a contract let for a portion of the work advertised for does not remove the necessity of advertising for a subsequent letting of the contract for matters called for in the original advertising for bids. The undisputed facts show that bids for the construction of roads, bridges, and culverts in road district No. 4 were advertised for, and that a contract pursuant to said advertisement was let to the East Texas Construction Association; that after said contract was entered into an agreement was made between the East Texas Construction Association and the commissioners' court relieving the East Texas Construction Association of that part of its contract calling for the construction of the bridges and culverts. This left the contract as though made originally for the construction of the roads only. Austin Bros. Bridge Company then later appeared before the commissioners' court and submitted an oral proposition for the building by them of the bridges and culverts, which had been eliminated from the contract of the East Texas Construction Association. Under an oral agreement reached between the Austin Bros. Bridge Company and the commissioners' court, they built the bridges and culverts. Suppose that, when the matter of constructing the roads, bridges, and culverts in question was advertised, no bidders had appeared and no bids were received. Could the commissioners' court, without readvertising the matter, at some later time, have made a contract with some party for the construction of the roads, bridges, and culverts? Would the advertising once had have been good at any time in the future, although no bids were received in pursuance of that advertisement? We do not think so. Or suppose, after advertising for bids, the commissioners' court had rejected all bids submitted. Could they

later on have made a contract with some one without readvertising? ·We do not think so. Again, suppose that the East Texas Construction Association, after submitting its bid and same·had been accepted, had concluded that it could not perform the contract and had abandoned same in toto. Could the commissioners' court, without readvertising, let the contract to another party? Obviously not. When the advertisement was made, it called for bids to construct (1) roads, (2) bridges, and (3) culverts, in one contract. These not having been advertised to be let on separate bids or in parcels, could the commissioners' court have let the contract by parcel, a part to one party and a part to another? We do not think so. When the East Texas Construction Association and the commissioners' court agreed to and did relieve said association from that part of the contract calling for the building of bridges and culverts, it left them as though they had never been advertised, and before the commissioners' court could let a contract for the construction of them, advertisement in accordance with the law must needs have been made. It is highly probable that by advertising for bids and letting the whole—the construction of the roads, the bridges, and culverts—to one party, better bids, that is, at lower costs, might be had than to divide them up into fragments and to advertise and let them out in parts. The mere fact that Austin Bros. Bridge Company happened to contract to build the bridges in question, at the same cost that the East Texas Construction Association had contracted, does not change the matter. It was merely a coincidence that it was so, for there is no evidence that Austin Bros. Bridge Company had any knowledge of the pay that the East Texas Construction Association was to receive, nor that the terms of their contract was in any manner influenced thereby, but, to the contrary, it undisputably appears that Austin Bros. Bridge Company did not consult or in any manner agree with the East Texas Construction Association as to the building of the bridges and culverts, but that Austin Bros. Bridge Company, by its legal representative, appeared alone before the commissioners' court and submitted an oral proposition to build the bridges and culverts at the same rate that they were already building other bridges and culverts for San Jacinto county. If we are correct in saying that if no bids were received in response to an advertisement for work and material, and no contract was made at the time and place named in the advertisement, the commissioners' court could not thereafter, without readvertisement, make a valid contract therefor, under article 2368, then it must follow that if a contract is made and is abrogated by agreement of the parties or otherwise, such contract is at an end, and the commis-

sioners' court cannot make another valid contract covering the same matter without advertising as in the first instance. We think this is, in effect, held in Limestone County v. Knox (Tex. Civ. App.) 234 S. W. 131; Headlee v. Fryer (Tex. Civ. App.) 208 S. W. 213.

[6] Plaintiff in error, by his third proposition, asserts that, under the pleadings and the facts, defendant in error is estopped from denying liability. This contention is overruled. The contract with Austin Bros. Bridge Company to build the bridges and culverts, having been made without advertising for and submitting it to competitive bids, as required by law (article 2368 [articles 2268-a, 2268-b], Revised Civil Statutes 1925), and involving an expenditure of more than $2,000, was void—a mere nullity—and the fact that Austin Bros. Bridge Company appeared before the commissioners' court and proposed that they would build the bridges and culverts for the roads that were being constructed in said road district No. 4 on the same basis that they were constructing other bridges and culverts in San Jacinto county (on a cost plus 15 per cent. basis, which happened to be the same as called for in the contract with the East Texas Construction Association), and that the Austin Bros. Bridge Company, in pursuance of an oral agreement with the commissioners' court and the county judge of San Jacinto county, did furnish material and construct said bridges and culverts, and that said bridges and culverts were examined and accepted by the commissioners' court of San Jacinto county, and that said commissioners' court approved the claim of Austin Bros. Bridge Company for the building of said bridges and culverts and caused the warrant sued on to be issued, does not give validity to the unlawful contract. Therefore defendant in error was not estopped to deny the validity of the contract by any one or all of these facts. The questions are controlled by the statute above cited, and that statute not having been complied with in the letting of the contract with Austin Bros. Bridge Company, said contract was void, and no estoppel arises. Limestone County v. Knox (Tex. Civ. App.) 234 S. W. 131; Grimes County v. Slayton (Tex. Civ. App.) 262 S. W. 209; Case Threshing Machine Co. v. Camp County (Tex. Civ. App.) 218 S. W. 1 (3), and cases cited; Goss v. Fannin County (Tex. Civ. App.) 244 S. W. 204.

[7] Furthermore, defendant in error was not estopped to deny the demand of plaintiff in error, for in that the contract sought to be enforced by plaintiff in error was not one in which the commissioners' court merely exceeded its authority, or where it acted without legal authority, but was one made in contravention of the positive prohibition of article 2268-a and 2268-b, Vernon's Ann. Civ. St. Supp. 1918 (now article 2368, Rev. St.

1925), and therefore an illegal contract, the enforcement of which is plainly denied by said article 2268-b. Moreover, under the well-settled general rule of law, estoppel cannot be invoked to aid in the enforcement of an illegal contract. Wiggins v. Bisso, 92 Tex. 219, 47 S. W. 637, 71 Am. St. Rep. 837; 6 R. C. L. § 215, p. 816.

What we have said disposes of plaintiff in error's fifth proposition.

[8] Plaintiff in error's insistence (sixth proposition) that his assignor, Austin Bros. Bridge Company, having in good faith furnished the materials and labor for the construction of the bridges and culverts in question, under the promise of road district No. 4 and the commissioners' court of San Jacinto county that they would be paid therefor, and said materials and labor having been accepted by said district and the commissioners' court, and possession and use of said bridges and culverts taken by said district and the commissioners' court, in equity, the title to said bridges and culverts did not pass to said district, but remained in plaintiff in error as the assignee of Austin Bros. Bridge Company, and that judgment should have been accordingly rendered is not well taken. We think an all-sufficient answer to this contention is that plaintiff in error did not show himself the assignee of such right from the Austin Bros. Bridge Company; that is, a right to have adjudged to him the title in and to the bridges and culverts in question, upon the disavowal of the alleged contract by road district No. 4 and the refusal to pay the warrant. There is no evidence in the record showing an assignment to plaintiff in error by Austin Bros. Bridge Company of any right to assert a claim for the bridges and culverts constructed by said company in said road district No. 4, in the event the warrant sued upon was held to be void. The evidence disclosed that the said suit warrant was transferred by Austin Bros. Bridge Company by simple indorsement thereon, without recourse, and by delivery to plaintiff in error, who is not named as indorsee thereof. No transfer to plaintiff in error of any right of recovery which Austin Bros. may have had as for materials and labor furnished in constructing the bridges and culverts is shown. Farmers' Loan & Trust Co. v. Beckley, 93 Tex. 267, 54 S. W. 1027; Rogers National Bank v. Marion County (Tex. Civ. App.) 181 S. W. 884, 886.

[9] We think, too, that the claim (title to the bridges and culverts) is barred by the two and four years' statutes of limitation, which were specially pleaded by defendant in error. The work was completed in the summer of 1920. The warrant was issued July 13, 1920. The facts set forth in an agreement contained in the record (S. F. p. 94, 95) show that plaintiff in error for the first time asserted claim to the bridges and culverts, as assignee

of Austin Bros. Bridge Company, in his amended petition filed May 14, 1925, more than two and more than four years after the completion of the work and the issuance of the warrant in suit. Austin Bros. Bridge Co. v. Patton (Tex. Civ. App.) 245 S. W. 996. Plaintiff in error's suit, as originally brought, was a suit upon the warrant only, and not a suit for the amount of said warrant as for material furnished and labor performed, nor a suit to have a lien impressed upon the bridges and for title to said bridges and culverts, and therefore so much of his cause of action as is set up in his amended petition for the amount of said warrant as for material furnished and labor done, and to have a lien impressed upon the bridges and culverts, is a new cause of action, set up for the first time in his amended petition filed May 14, 1925, and, if any such right or cause of action ever existed, was at the time of the filing of said amended petition barred by the two and four years' statutes of limitation.

All of the assignments of plaintiff in error have been carefully considered, and none of them are thought to present reversible error. Therefore the judgment should be affirmed, and it is so ordered. Affirmed.