**HARRIS v. ROAD DIST. NO. 4 OF SAN JACINTO COUNTY. (No. 1072-4821.)***

Commission of Appeals of Texas, Section A. May 16, 1928.

Bridges ⬦⟶20(2)—Commissioners' court held authorized, with successful bidder's consent, to contract with third person for part of work on same terms without readvertisement (Acts 1917, c. 141, § 1).

Where terms upon which roads, culverts and bridges were to be constructed were obtained by commissioners' court by competitive bids in accordance with Acts 1917, c. 141, § 1, requiring advertisement, and commissioners' court entered into contract with the bidder, commissioners' court had authority subsequently to contract with third party for construction of culverts and bridges upon the terms of the accepted bid where the bidder consented, and readvertisement for bids was not necessary.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by W. M. Harris against Road District No. 4 of San Jacinto County. Judgment for defendant was affirmed by the Court of Civil Appeals (290 S. W. 875), and plaintiff brings error. Reversed and rendered.

W. L. Hill, of Houston, W. M. Harris, of Dallas, and Lightfoot, Robertson & Scurlock, of Fort Worth, for plaintiff in error.

John C. Browder, of Cold Springs, and Dean & Humphrey, of Huntsville, for defendant in error.

HARVEY, P. J. The commissioners' court of San Jacinto county duly advertised for bids in accordance with the statute hereinafter mentioned, for the construction of roads, culverts, and bridges in road district No. 4 of that county. On December 1, 1919, bids were submitted in response to said advertisement, and the bid of the East Texas Construction Association for the doing of such work was duly accepted by the commissioners' court. The amount bid was "cost, plus 15 per cent." Contract was duly entered into on that basis by and between the commissioners' court and the construction association. Within 60 days after December 1, 1919, the Austin Bros. Bridge Company, with the consent of the commissioners' court, assumed all the obligations of the construction association under its contract, in so far as the construction of culverts and bridges was concerned, and agreed to perform those obligations upon the same terms as called for in that contract. The contemplated cost of constructing the culverts and bridges exceeded $2,000. No advertisement for bids for the construction of the culverts and bridges, other than as has been stated, was ever made. The construction association secured the consent of the commissioners' court to stand released from the obligations of its contract to the extent stated above. The Austin Bros. Bridge Company proceeded to construct the culverts and bridges in conformity to the contract. The work was completed, and was duly approved and accepted by the commissioners' court. A warrant for the balance due for said work, in the sum of $15,000, was then duly issued to the bridge company, which warrant was afterwards duly assigned by the bridge company to the plaintiff in error, W. M. Harris. The sum of $4,000 has been paid on the warrant, but the commissioners' court refused payment of the balance. This suit was brought by the plaintiff in error to recover the balance due on said warrant. The trial court rendered judgment against the plaintiff in error, and the Court of Civil Appeals affirmed that judgment. 290 S. W. 875.

It is claimed that the transaction under which the Austin Bros. Bridge Company became bound to construct the culverts and bridges in question constituted a new contract between that company and the road district, the latter acting through the commissioners' court. And because the letting of such contract was not advertised as prescribed by the provisions of section 1 of chapter 141 of the Acts of the Regular Session of the Legislature in 1917, the commissioners' court was without authority to bind the road district.

Section 1 of the above-mentioned act, so far as material here, reads as follows:

"Section 1. The commissioners' court of this state shall make no contract calling for or requiring the expenditure or payment of two thousand ($2,000) dollars or more out of any fund or funds of any county, or subdivision of any county, without first submitting such proposed contract to competitive bids; notice of the time and place, when and where such contract will be let, shall be published in some newspaper published in said county or subdivision once a week for two weeks prior to the time set for letting said contract; or if there is no newspaper published either in said county or said subdivision, then notice of the letting of said contract shall be given by causing a notice thereof to be posted at the courthouse door of such county for fourteen days prior to the time of letting such contract. * * *"

The obvious purpose of the above statute, as gathered from its language, is to require the commissioners' court, as a prerequisite to authority to contract in the premises, to obtain, in the mode prescribed, the terms upon which the things contemplated by the "proposed contract" shall be done. When this requirement is met, the commissioners' court has authority, without further restraint from the statute, to contract for the doing of said things upon the terms so obtained.

The terms upon which the culverts and

---

⬦⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied June 25, 1928.

bridges in question were constructed were obtained by competitive bids in accordance with statutory requirements. This being so, nothing is found in the letter or spirit of the statute which limited the authority of the commissioners' court to contract for the doing of such work on those terms. It is believed that the court, the East Texas Construction Association, consenting, had authority to contract with the Austin Bros. Bridge Company, as it did, for the construction of the culverts and bridges upon the terms of the accepted bid of the East Texas Construction Association. A readvertisement for bids was not necessary to make the contract valid.

The case appears to have been fully developed in the trial court. We therefore recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be reversed, and that judgment be here rendered for the plaintiff in error, for the amount sued for.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.