## HOFFMAN v. COCHRAN COUNTY et al.

### No. 3914.

Court of Civil Appeals of Texas. Amarillo.
Nov. 23, 1932.

Tom Garrard and Lockhart & Brown, all of Lubbock, for appellant.

Durwood H. Bradley and Burton S. Burks, both of Lubbock, and Loyd R. Kennedy, of Morton, for appellees.

JACKSON, J.

This suit was instituted by the appellant, Mrs. Hoffman, a widow, against the appellee Cochran county and the members of the commissioners' court, to recover the sum of $2,000, with interest, evidenced by four warrants of equal amounts issued through the commissioners' court to H. W. Rice in part payment for certain road machinery sold and delivered by him to the county.

The appellee answered by general demurrer, general denial, and pleaded that the contract was made for the purchase of the machinery on August 15, 1925; that the warrants issued therefor were not payable out of the current funds, but created a debt payable out of future revenues and no provision was made at the time the contract was executed to pay interest and create a sinking fund to discharge the warrants at maturity.

At the close of the testimony, in response to a peremptory instruction, the jury rendered a verdict in favor of the county, and judgment was rendered in compliance therewith and the case is in this court for review.

The record discloses that on the 15th day of August, 1925, at a regular term of the commissioners' court, with all members present, after due advertisement, the county accepted the proposal of H. W. Rice to sell it certain road machinery for the consideration of $5,050, to be paid in warrants payable annually, bearing 6 per cent. interest payable semiannually, no warrant to mature later than ten years. The proposal and contract were entered on the minutes of the court, in which it is provided: "It is further ordered that in payment for said machinery so purchased from said H. W. Rice, there shall be issued to said Rice interest bearing county warrants drawn against the road and bridge fund of Cochran County. Said warrants shall bear interest from date hereof at the rate of 6% per annum, payable semi-annually on Feb. 15th and Aug. 15th of each year. Said warrants shall be of the denominations and mature as follows:" (Then follows a description enumerating ten warrants for $500 each and one for $550 and the maturity of each.)

It is then stated in the order: "And there is hereby appropriated out of the constitutional tax levy of 15¢ on each $100.00 valuation of all taxable property in Cochran County for the year 1925, for the purpose of paying the interest on said warrants and creating a sinking fund to mature same at maturity and there shall be each and every year hereafter during the time any of said warrants are outstanding, a tax levied sufficient to pay the interest on said warrants and create a sinking fund to mature same when they shall mature."

On September 14, 1925, at a regular session of the commissioners' court, with all members present, the court entered and had spread on the minutes an order stating, in substance, that the commissioners' court had theretofore determined the advisability and necessity for the purchase of the machinery, had duly advertised for bids, reciting such advertisement, had determined that the bid of H. W. Rice was the lowest and best bid received, and that the court had entered into a contract with Rice for the purchase of the machinery for the price of $5,050, payable in road warrants, with interest at the rate of 6 per cent. per annum, payable semiannually, giving the denominations of the warrants, their date and

maturities, and that said contract had been duly considered, and continues:

"Wherefore, it is ordered by this court that said contract be ratified and approved and said contract is here and now ratified, confirmed, approved and adopted and this court declares said contract to be the act and contract of the court and of Cochran County and shall have effect according to its tenor and purport.

"It is further ordered that H. W. Rice, having furnished said grading machines in accordance with the terms of its contract and the grading machines having been inspected by this court and found in all respects satisfactory, and it having been determined by the court that said machinery is well worth the price agreed upon and that Cochran County has received full value and consideration for the price to be paid, it is hereby accepted by said commissioners court; and

"It is further ordered that in accordance with said contract, interest bearing warrants of Cochran County, Texas, be issued, numbered consecutively one to ten inclusive, shall be in denominations of $500.00 each, except warrant No. 10, which shall be for $550.-00, aggregating the sum of $5,050.00.

"They shall be dated Aug. 15, 1925, and shall mature serially as follows: $500.00 Aug. 15 in each of the years .1926 to 1934 inclusive, $550.00 Aug. 15, 1935."

"They shall bear interest at the rate of 6% per annum from date until paid, interest payable Feb. 15, 1926, and semi-annually thereafter on Aug. 15 and Feb. 15th of each year," etc.

The order then provides for the issuance of the warrants with interest coupons, the execution and the form thereof, which stipulates: "And it is hereby certified and recited that all acts, conditions and things required to be done precedent to and in the issuance of this warrant have been properly done, happened and performed in regular and due time, form and manner as required by law and that the total indebtedness of said county, including this warrant, does not exceed any constitutional or statutory limitation; and that provision has been made for the levying of taxes annually for the payment of the principal and interest in this warrant and all other warrants of this series as they respectively mature."

Following the form, this order provides:

"It is further ordered that a special fund to be designated 'Special Road Warrant Fund' be and the same is hereby created and the County Treasurer is hereby ordered and directed to open an account with such fund, to which fund shall be credited all taxes levied for the payment of principal and interest of this series of warrants as well as the moneys appropriated for said purpose and no claim or warrant other than warrants and coupons of the above series of warrants, shall be paid out of said fund."

"That to create said fund for the payment of the principal and interest of said warrants at maturity, a tax of 3½¢ on each $100.00 valuation of taxable property in said Cochran County out of the constitutional 15¢ road and bridge tax shall be annually levied, assessed and collected, or so much thereof as shall be necessary until all of said warrants and the interest thereon shall have been fully paid and said tax of 3½¢ is here now levied for the year 1925 and for each succeeding year or so much thereof as may be necessary for said purpose while said warrants or any of them are outstanding; it is further ordered that should the said tax of 3½¢ be insufficient to pay the whole of the principal and interest maturing any one year, to and inclusive of the final maturities of said warrants, then the commissioners court of said county shall compute and ascertain what rate of tax, based upon the latest approved tax rolls of said county, shall be necessary and sufficient to fully raise and produce the amount of principal and interest maturing in said year and the rate of tax so found necessary shall be levied, assessed and collected for said year at the time other county taxes are levied, assessed and collected and the proceeds thereof shall be placed in said special fund above named and the Treasurer shall not honor any warrant or order upon said fund for any other purpose."

This order is signed by the county judge and the four commissioners.

The record discloses that the appellant is the owner of warrants 4, 5, 6, and 8; that the county had defaulted in the payment thereof; that the county received the machinery, a part of which it sold for money, and the remainder of which it still has in its possession.

■ The agreed price of the machinery was $5,050, and the enumeration in the order of August 15th of ten warrants for $500 each (two of which were to mature on August 15, 1931) and one, the eleventh, for $550 to mature August 15, 1935, aggregated $5,550 as the price of the machinery; and the language "to mature same at maturity," and "and creating a sinking fund to mature same when they shall mature," are obviously errors, and the commissioners' court had the authority to correct the minutes to eliminate such errors by the order of September 14th thereafter.

"Commissioners' courts in Texas are courts of record, and as such have control over their own records. They have inherent power to correct and amend such records and the same can be altered or changed only by the order of such court itself." Mecom v. Ford, 113 Tex. 109, 252 S. W. 491, 497.

The power of the commissioners' court to is-

566

sue the warrants for the purchase of the machinery is not questioned, but appellees contend that, in the order of August 15th, "no specific amount is appropriated for 1925" and no provision for "a sinking fund of at least 2%" is made "to care for the principal and interest of the debt."

■ The provisions of such order heretofore set out provide, in effect, that an appropriation is made out of the constitutional tax levy of 15 cents on the $100 valuation for 1925 for the purpose of paying the interest on the warrants and creating a sinking fund to pay the warrants as they mature, and there shall be each and every year while the warrants are outstanding a tax levied sufficient to pay the interest on the warrants and create a sinking fund to pay them as they mature.

In Bassett v. City of El Paso, 88 Tex. 168, 30 S. W. 893, 894, the Supreme Court, discussing the question here involved, said:

"Neither of these constitutional or statutory provisions requires in express terms the levy of a fixed rate or tax, to be collected each year during the life of the bonds, without reference to the different sums that would be annually raised thereby. * * *

"The language and purpose of these provisions seem to be satisfied by an order providing for the annual collection by taxation of a 'sufficient sum to pay the interest thereon and create a sinking fund,' etc., though it does not fix the rate or per cent. of taxation for each year by which such sum is to be collected, but leaves the fixing of such rate for each successive year to the commissioners' court or city council. To so construe these provisions as to require, at the time the debt is created, the levy of a fixed tax, to be collected through a long series of years, without reference to the unequal 'sums' that would in all probability be realized therefrom, instead of the collection annually of a certain 'sufficient sum' to pay the annual interest and create the sinking fund required by law, would be doing violence to the language used, and authorize, in cases where values rapidly increase, the extortion from the taxpayers of large amounts of money in excess of the amount necessary to satisfy the interest and principal of the bonds, and this, in time, would invite municipal corruption and extravagance. If it had been intended to require the actual levy of a tax at the time the debt was created, different and apt language for that purpose would have been used."

See, also, Mitchell County v. City National Bank of Paducah, Ky., 91 Tex. 361, 43 S. W. 880, 881; W. L. Pearson & Co. v. Hutchinson County (Tex. Civ. App.) 52 S.W.(2d) 515 (opinion on motion for rehearing).

In the order of September 14th a tax of 3½ cents on each $100 valuation or so much

thereof as is necessary was levied and ordered collected for the year 1925 and for each succeeding year while the warrants are outstanding, for the purpose of paying the interest on the warrants as it accrued and creating a sinking fund to discharge said warrants at their respective maturity.

In our opinion the order of August 15th is not void for failing to provide for a tax to pay the interest and create a sinking fund to pay the warrants on their maturity as required by article 11, § 7, of the State Constitution.

If we are correct in this conclusion, the warrants sued on were valid and enforceable, and the court should have directed a verdict in favor of appellant instead of in behalf of the county.

The judgment is therefore reversed, and is here rendered for the appellant.