CITY OF WACO, TEXAS, ET AL. V. GERALD C. MANN, ATTORNEY
GENERAL OF THE STATE OF TEXAS.

No. 7564. Decided May 10, 1939.
(127 S. W., 2d Series, 879.)

*Allan D. Sanford, Geo. W. Morrow* and *Mabel Grey Howell*, all of Waco, for relator.

*Gerald C. Mann*, Attorney General, *Clarence C. Crowe* and *Geo. W. Barcus*, Assistants Attorney General, for respondents.

MR. JUSTICE SHARP delivered the opinion of the Court.

The City of Waco and its officials seek to compel, by original mandamus proceedings, the Honorable Gerald C. Mann, Attorney General of the State of Texas, to approve and certify to the State Comptroller certain bonds which the City of Waco is attempting to issue and sell.

It is shown that there has been presented to the Attorney General, for his approval and certification, an issue of $219,-000 Waco, Texas, Refunding Bonds, Series A, and an issue of $419,000 Waco, Texas, Refunding Bonds, Series B, all of which refunding bonds are proposed to be used for the purpose of refunding valid outstanding bonds of the City of Waco, which bear a higher rate of interest.

The Attorney General has declined to approve such issues of refunding bonds on account of questions raised by the buyers of same, and his first reason for such refusal is as follows:

"1. Section 5 of Article XI of the Constitution of Texas provides that no debt shall ever be created by any city unless at the same time provision be made to assess and collect annually a sufficient sum to pay the interest thereon and create a sinking fund of at least two per cent. thereof. In the present instance the City of Waco, in its tax levy ordinance adopted September 13, 1938, failed to levy any taxes for interest and sinking funds of some $977,000 of outstanding bonds maturing during the years 1939 to 1943, inclusive, and constituting part of bonds originally issued in the aggregate amount of $1,240,-000. This figure does not include the $12,500 bonds maturing July 1, 1939, for the payment of which there is at present a sufficient amount in the sinking fund. All of said bonds for which the City failed to levy taxes for interest and sinking

fund payment bear interest at the rate of five per centum per annum, and the annual interest on the $977,000 bonds is $48,-850. The two per cent. sinking fund requirement based upon the $1,240,000 bonds originally issued is $24,800, and the total interest and sinking fund requirement for the current year is, therefore, $73,650, which amount based upon the present assessed valuation of $47,463,110 would require a tax levy of $.1552 on each $100 of assessed valuation. The tax levy ordinance adopted September 13, 1938, contained levies for the general fund, library, park and recreation purposes and for outstanding bonds other than those not provided for as set forth above totalling $1.75 on the $100 of the assessed valuation. There is also included in said taxing ordinance a levy of $.70 on the $100 of the assessed valuation for the maintenance and support of public free schools. Article 212 of the Charter of the City of Waco limits the tax for municipal purposes to $1.85 on each $100 of assessed valuation, provided the levy for the support and maintenance of public free schools will automatically reduce the levy for municipal purposes so that total taxes shall never exceed two and fifty one-hundredth per cent. for any one year. It is apparent, therefore, that if the tax of $.1552 necessary to provide interest and sinking fund requirements for the bonds maturing during the years 1939 to 1943 as set out above had been included in the tax levy ordinance adopted September 13, 1938, the City of Waco would have exceeded the limit prescribed by Article 212 of the Charter, and as a consequence there would have been no further tax levying power for additional bonds."

It is undisputed that the original bonds executed by the City of Waco, and for part of which these refunding bonds are proposed to be issued, were validly issued, and that they are an outstanding indebtedness against the City of Waco.

The City of Waco is a home rule city, and derives its power to issue the bonds involved in this suit by virtue of the authority contained in Article 1175, paragraph 10, of the Revised Civil Statutes of 1925, and from its charter. Article 1175 of the Revised Civil Statues in part reads:

"Cities adopting the charter or amendment hereunder shall have full power of local self-government, and among the other powers that may be exercised by any such city the following are hereby enumerated for greater clarity:

\*     \*     \*     \*     \*     \*

"10. The power to control and manage the finances of any

such city; to prescribe its fiscal year and fiscal arrangements; the power to issue bonds upon the credit of the city for the purpose of making permanent public improvements or for other public purposes in the amount and to the extent provided by such charter, and consistent with the Constitution of this State; provided, that said bonds shall have first been authorized by a majority vote by the duly qualified property taxpaying voters voting at an election held for that purpose. Thereafter all such bonds shall be submitted to the Attorney General for his approval, and the Comptroller for registration, as provided by law, provided that any such bonds after approval, may be issued by the city, either optional or serial or otherwise as may be deemed advisable by the governing authority. Whenever any city has heretofore been authorized, under any special charter, creating such city, to issue any bonds by the terms of such charter, the provisions of this chapter shall not be construed to interfere with the issuance of any such bonds under the provisions of any charter under which such bonds were authorized."

Article 202 of the charter of the City of Waco provides as follows:

"It shall have power to issue bonds upon the city for the purpose of making permanent public improvements, or for any other public purposes, in such sums and in such amounts as may be found necessary or expedient; Provided that said bonds shall have been first authorized by a majority vote cast by the duly qualified taxpaying voters as shown by the last preceding tax rolls of the city, voting at an election held for that purpose; and provided further, that at the same time provision be made to assess and collect annually a sufficient sum to pay the interest thereon and create a sinking fund of at least two per cent. thereon; said bonds to bear interest at a rate not exceeding six (6) per cent. per annum."

It will be seen that Article 1175 grants unto cities adopting the charter or amendment thereunder full power of local government; and among other powers granted is the one which authorizes such cities to issue bonds provided by their charters and "consistent with the Constitution of this State."

The charter provides that at the time of issuance of bonds by the City, provision must be made "to assess and collect annually a sufficient sum to pay the interest thereon and create a sinking fund of at least two per cent. thereon." It will be observed that neither the Constitution nor the pro-

visions of the charter require in express terms the levy of a fixed rate or tax to be levied and collected each year during the life of the bonds; but the charter does require that provision be made for the annual collection of a sufficient sum to pay the interest and create a sinking fund of at least two per cent. thereon. There is no definite sum fixed to be levied each year, and it leaves the fixing of such rate for each year to the taxing authorities of the City of Waco as the necessities of the bond issue may require. Values may fluctuate, and a fixed rate might in some years be insufficient, and in other years create a surplus not needed to liquidate the bonds as they mature.

■ The mere fact that the tax ordinance adopted by the Board of Commissioners of the City of Waco on September 13, 1938, did not specify a levy for interest and sinking fund purposes of some $977,000 of outstanding bonds, maturing during the years 1939 to 1943, inclusive, which constitute a part of the bonds originally issued by the City in the sum of $1,240,000, does not affect the validity of the $219,000 Refunding Bonds, Series A, and the $419,000 Refunding Bonds, Series B, now proposed to be issued by the City of Waco, provided a sufficient tax is levied for the proposed refunding bonds and if there is a sufficient margin left in which a tax may be levied to service outstanding indebtedness. This record discloses that there were sufficient levies made to service the proposed refunding bonds, and that there was a sufficient margin of taxing power remaining to service all other outstanding bonds. It also appears that in the ordinance levying taxes for 1938 there was provided in the Contingent Bond Fund No. 52 a rate of $.0760, which will produce more than a sufficient amount of money to service the refunding bonds, and could be used for such purpose.

■ The courts of this State hold that when an issue of bonds is authorized, the tax to support it is automatically levied from year to year, where the law under which the bonds are issued specifically requires an adequate tax levy, whether a specified rate is fixed or not. The courts will assume that, in view of the provisions of the City charter requiring provision to be made, at the time when bonds are issued, to assess, levy, and collect annually a sufficient tax to pay the interest thereon and create a sinking fund of at least two per cent. thereof, such tax will automatically be annually assessed, levied, and collected by the taxing authorities of the City of Waco upon the taxable property of the City, whether

specific provision is made in the annual taxing ordinance or not. Bassett v. City of El Paso, 88 Texas 168, 30 S. W. 893; Mitchell County v. City National Bank of Paducah, 91 Texas 361, 43 S. W. 880; Presidio County v. City National Bank of Paducah (writ refused), 20 Texas Civ. App. 511, 44 S. W. 1069; Hardeman County v. Foard County (writ refused), 19 Texas Civ. App. 212, 47 S. W. 30; Wright v. City of San Antonio (writ refused), 50 S. W. 406; City of Aransas Pass et al v. Keeling, 112 Texas 339, 247 S. W. 818.

The original bonds were regularly issued by the City of Waco, and were duly approved by the Attorney General of Texas. Their validity is not questioned. The failure of the taxing authorities of Waco to include in the annual tax ordinance adopted on September 13, 1938, any provision for interest and sinking fund purposes, for the original bonds maturing during the years 1939 to 1943, inclusive, cannot affect the validity of these bonds. Nor can we see any reason why such failure would affect the validity of these two series of refunding bonds now proposed to be issued. Under the provisions of the City charter it follows that the tax to service the bonds maturing in 1939 to 1943, inclusive, would automatically be assessed, levied, and collected, without any specific provision being made therefor in the annual taxing ordinances passed by the city authorities.

Mr. Justice Greenwood, in the case of City of Aransas Pass v. Keeling, supra, said:

"It is settled that the actual levy by city authorities of an adequate tax is not essential to comply with the constitutional provision, where the law itself under which municipal bonds are issued mandatorily requires an adequate tax levy. As declared in Judge Brown's good opinion in Mitchell County v. Bank, 91 Tex. 370, 43 S. W. 883, and expressly sanctioned by the Supreme Court of the United States in Wade v. Travis County, 174 U. S. 506, 19 Sup. Ct. 715, 43 L. Ed. 1060:

" 'What the Constitution requires is, that provision shall be made at the time or shall have been previously made, by which the rate of tax to be levied is so definitely fixed—as was done in the case last cited—that it becomes merely a ministerial act to determine the rate to be levied. The Legislature has the power to make all such "provision" for counties and cities, or it may leave it to the officers of such corporations to make it when the debt is created; if made by either it is sufficient.' "

It also appears that the City of Waco has not defaulted in the payment of any of the interest on any of its outstanding

bonds which became due since the adoption of the taxing ordinance on September 13, 1938. The proposed refunding bonds are to be issued for the purpose of refunding all of the outstanding term and certain of the serial bonds which will mature during the year 1939, so that adequate provision will be made for all obligations of the City maturing during the year 1939.

It also appears from the record that for many years it has been the custom of the City to apply revenues other than ad valorem tax revenues to the payment of the principal and interest of the outstanding bonds. To the extent that such revenues have been so applied, the tax necessary to service the outstanding bond indebtedness has been correspondingly decreased.

The first objection urged by the Attorney General to the validity of these bonds is without merit.

The second reason for the refusal of the Attorney General to approve these bonds reads as follows:

"2. It will be observed by reference to the tax levying ordinance adopted September 13, 1938, that the total amount of taxes levied thereunder was $2.45 on each $100 assessed valuation of taxable property made up as follows:

"1. For the maintenance and support of
public free schools _____$.70
"2. For the General Fund_____·_____ .92
"3. For Public Library _____ .04
"4. For Cameron Park _____ .05
"5. For Recreation Commission _____ .02
"6. For Debt Service __·_____ .72

"Hence, all of the City's available taxing power was used up in the tax levy ordinance adopted September 13, 1938, with the exception of $.05 which is available for additional debt service. The $219,000 Waco, Texas, Refunding Bonds, Series A, now under examination by me, will require a tax levy of $.0243, and the $419,000 Waco, Texas, Refunding Bonds, Series B, will require a tax levy of $.0464, and such provisions were made by amendatory ordinances adopted by the Board of Commissioners of the City of Waco at their regular meeting held April 4, 1939. It will be observed that the total of these two tax levies for the proposed Refunding Bonds amounts to $.0707, which would seem to bring the City's total taxes at the present time up to the amount of $2.5207 or $.0207 over and above the constitutional tax limit."

Articles 210 and 211 of the charter of the City of Waco read as follows:

"Art. 210. Said Board shall have power by ordinances to annually levy and collect general or special ad valorem taxes for any purposes not inconsistent with the constitution of this State on the assessed value of all property, rights and franchises in said City, subject to taxation, not to exceed, however, for all purposes except the support and maintenance of public free schools in said City, one and eighty-five one-hundredths of one per cent. of the taxable values in said City, and shall provide a mode and method of assessing the franchise of any corporation using or occupying the public streets or grounds of the City, separate from the tangible property of such corporation. Amendment adopted December 18th, 1919."

"Art. 211. Should the revenues of the city for any one year be not sufficient to meet the legitimate expenditures for said year thereby creating a deficit, or should there be such deficit at the time this charter is adopted, it shall be the duty of the Board of Commissioners to include the amount of such deficit in its budget of expenditures to be provided for at the next succeeding tax levy, and the City Auditor shall include the same in the estimate which he is required to furnish to the Board of Commissioners annually of all the revenues and expenses from which such budget is made, and said Board shall fix a rate of taxation for said year sufficient to pay off and discharge such deficit, as well as meet the estimated current expenses of said year; Provided that no deficit or deficits shall ever hereafter exceed at any one time the sum of Fifty Thousand Dollars, and that any excess over said amount shall be absolutely null and void."

On April 4, 1939, two ordinances were adopted by the City, relating to the two series of refunding bonds involved here. One of the ordinances makes provision for a tax levy of $.0243, to pay the principal and interest of the proposed Refunding Bonds, Series A, in the sum of $219,000. The other ordinance makes provision for the levy of a tax of $.0464, to provide for the payment of the principal and interest of the $419,000 Refunding Bonds, series B. These taxes have not been and cannot be collected until the next annual tax ordinance is adopted by the City of Waco in September, 1939.

Ordinance No. 958, which authorizes the issuance of the proposed $219,000 Refunding Bonds, Series A, provides that the sum of $3,558.75 is appropriated out of any available funds

to pay the interest maturing on said issue of bonds on October 1, 1939; and Ordinance No. 959, which authorizes the issuance of the proposed $419,000 Refunding Bonds, Series B, provides that the sum of $6,808.75 is appropriated out of any available funds to pay the interest maturing on said issue of bonds on October 1, 1939. It appears that these provisions were made because the City realized that no tax could actually be assessed, levied, and collected upon the taxable property of the City, to provide for the payment of any interest on these bonds, or to raise any moneys to be placed in the sinking fund to provide for the payment of the proposed bonds at maturity, until the 1939 annual taxing ordinance should be adopted by the City.

■ The issuance of refunding bonds is not unconstitutional on the ground that the issuance of same constitutes the incurring of a debt without provision for and collection of a tax to pay interest and provide for a sinking fund; since such bonds, issued to refund valid outstanding bonds, do not create a new indebtedness. Dallas County v. Lockhart, 128 Texas 50, 96 S. W. (2d) 60; City of Tyler v. L. L. Jester & Co., 97 Texas 344, 78 S. W. 1058; 30 Tex. Jur., p. 449, sec. 249.

■ The charter of the City of Waco provides that the Board of Commissioners shall have power by ordinance to annually levy and collect general or special ad valorem taxes, for any purpose not inconsistent with the Constitution of this State, not to exceed for all purposes, except for the support of public free school purposes in the City of Waco, one and eighty-five one-hundredths of one per cent. of the taxable values in said City. The charter also provides that, should the revenues for any one year be insufficient to meet the legitimate expenditures for said year, thereby creating a deficit, it shall be the duty of the Board of Commissioners to include the amount of such deficit in its budget of expenditures to be provided for at the next succeeding tax levy. It is therefore seen that all bonded indebtedness must be serviced out of ad valorem taxes as provided for by the charter. It is provided that a sufficient part of the ad valorem taxes must be set aside to pay the outstanding bonds. In the event of a deficit, the amount of such deficit shall be included in the next succeeding tax levy. However, it is provided that no deficit shall exceed at any time the sum of $50,000.

The second objection urged by the Attorney General is untenable, and same is overruled.

■ The Attorney General also urges for his refusal to approve these bonds the following reason:

"3. Furthermore, according to my computations, the total interest and sinking fund requirement for all of the outstanding bonds of the City of Waco, excluding the $12,500 bonds due July 1, 1939, for which there is a sufficient amount in the sinking fund, is $512,910. The levy of $.72 on each $100 of assessed valuation made for interest and sinking fund requirements in the tax levy ordinance adopted September 13, 1938, will yield only $341,734.39 based upon an assessed valuation of $47,463,110, which leaves a shortage of $171,175.61. In order to make provision for such shortage, a tax of $.36 on each $100 assessed valuation of taxable property would be necessary which, when added to the $1.75 included in the tax levy ordinance adopted September 13, 1938, would bring the total tax up to $2.11 which is well in excess of $1.85 permitted by Article 212 of the City Charter, and would obviously leave no margin for the Refunding Bonds that the City of Waco now purposes to issue."

It appears that the total interest and sinking fund requirements for all of the outstanding bonds of the City of Waco, excluding the $12,500 bonds due July 1, 1939, for which there is sufficient amount in the sinking fund, is $512,910, and the levy of $.72 on each $100 of assessed valuation made for interest and sinking fund requirements in the tax levy ordinance adopted September 13, 1938, will yield only $341,-734.39, which leaves a shortage of $171,175.61; and the fact remains that by applying substantial revenues of the City, other than ad valorem tax revenues, to the payment of the principal and interest of the outstanding bonds of the City, the provision which has been made for debt service in said ordinance is and will be sufficient to provide for the prompt payment of the interest maturing up to the close of the fiscal year ending September 30, 1939. The purpose of the proposed refunding bonds is to refund all of the outstanding term bonds of the City of Waco which matured during the year 1939, as well as those which mature on January 1, 1940, and to refund also all serial bonds of the City maturing during the year 1939, as well as other serial obligations of the City now held in its sinking fund.

It is also shown that the City of Waco is not now in default in the payment of interest on any of its outstanding bonds; and neither is it in default in the payment of the principal of any matured obligation. Hence the provision for debt serv-

ice made in the taxing ordinance adopted by the Board of Commissioners of the City on September 13, 1938, whereby a levy of $.72 on each $100 of assessed valuation of taxable property was made, was ample and sufficient.

We find no merit in this objection, and it is overruled.

■ The following reason is also assigned by the Attorney General for his refusal to approve these bonds:

"4. In view of the situation as disclosed in paragraphs Nos. 1, 2 and 3 above, I feel that serious questions are presented as to the power and authority of the City of Waco to issue any bonds at this time, and particularly as to the power and authority of the City to issue the proposed Refunding Bonds to refund outstanding bonds of the City for which no tax is levied as required by the Constitution of the State of Texas in the tax levy ordinance adopted September 13, 1938. I feel that the City must first make appropriate provision for the levy of taxes sufficient to pay the interest on its outstanding bonds and to provide a sinking fund of at least two per cent. thereon."

The fact that no provision was made in the taxing ordinance adopted by the Board of Commissioners of the City of Waco, Texas, on September 13, 1938, for interest and sinking fund purposes on some $977,000 of outstanding bonds maturing during the years 1939 to 1943, inclusive, which constitute a part of the bonds originally issued in the aggregate amount of $1,240,000, does not in any way affect the power and authority of the City of Waco, Texas, to issue the proposed $219,000 Refunding Bonds, Series A, or the $419,-000 Refunding Bonds, Series B; nor is the validity of the proposed refunding bonds in any way affected by reason thereof. The law requires that the City of Waco must have sufficient available taxing power to adequately provide for the payment of the principal and interest of the proposed refunding bonds. By Ordinances Nos. 958 and 959, as amended, provision has been made by the Board of Commissioners of the City of Waco that when the taxing ordinance for the fiscal year commencing October 1, 1939, and ending September 30, 1940, is adopted in the month of September, 1939, adequate provision will be made therein to provide for the payment of the principal and interest of the proposed refunding bonds as required by the Constitution and statutes of the State of Texas and the charter of the City of Waco. The proposed refunding bonds will be serviced out of the ad valorem taxes, and such taxes will be levied to the extent necessary.

This Court, in the case of City of Houston v. McCraw, 131 Texas 127, 113 S. W. (2d) 1215, said: "The law requires that a sufficient part of the ad valorem taxes must first be allocated to servicing outstanding bonds or other indebtedness. Any balance may be levied and used for general operating expenses."

It is unchallenged that the issuance of the original bonds did not exceed the assessed valuation of property in the City of Waco, as required by the Constitution of this State. The Constitution and the City charter require that provision for interest and sinking fund shall be made in the creation of a municipal debt; and if the tax rate is not sufficient for this purpose, the taxing authorities may be required by mandamus to levy, assess, and collect a sufficient amount to pay the interest and provide a sinking fund. Wright v. City of San Antonio (writ refused), 50 S. W. 406; Berlin Iron-Bridge Co. v. City of San Antonio et al. (Civ. Appls.), 50 S. W. 408.

This objection can not be sustained.

■ The Attorney General further contends that the City of Waco is not entitled to refund any bond that is now due or that will be due during the year 1939, where it is shown that the City has levied and collected a sufficient amount of taxes, or has sufficient funds on hand in the treasury belonging to respective bond issues, with which to pay same.

The Attorney General and the City of Waco have filed here an agreed statement as to the sum of money now held by the City of Waco belonging to the sinking funds of the respective bond issues. There is no contention made that there is any money on hand in the sinking fund that could be used to reduce the issue of $219,000 Refunding Bonds, Series A. It is also agreed that the City of Waco is using all of the money that is in the sinking fund of said series to retire as many of the matured bonds in that series as possible.

The agreement relating to the issue of $419,000 Refunding Bonds, Series B, shows the following facts: Most of the bonds to be refunded in this series are serial bonds, and were issued under provisions of the City charter requiring a sufficient amount of taxes to be levied and collected to pay same. A number of these serial bond issues now have some funds on hand. Summarizing the figures as set out in the agreement, it is shown that there is now on hand in these various serial bond issues a total of $41,000; which the Attorney General contends should be used to retire a portion of the oustanding bonds, and that refunding bonds should not be issued therefor. In other words, the Attorney General contends that the $41,000

which has been collected and is now in the treasury of the City of Waco should be used to retire that amount of bonds, and that the City of Waco should be allowed to issue $378,000 Refunding Bonds, Series B, instead of bonds in the sum of $419,000, Series B, as prayed for. We think the Attorney General is correct in this contention.

Therefore the writ of mandamus will issue as prayed for, commanding the Attorney General of the State of Texas to approve and certify to the State Comptroller an issue of $219,000 Waco, Texas, Refunding Bonds, Series A, and an issue of $378,000 Waco, Texas, Refunding Bonds, Series B.

Opinion delivered May 10, 1939.