

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

JOHN ~~XXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

Opinion No. 0-3173
Re: Time and manner of levying
a tax to pay the interest
and create a sinking fund
to retire warrants at
maturity.

Your written request dated February 14, 1941, for
an opinion has been received and considered by this depart-
ment. We quote from your letter:

"May I refer to your opinion of January 30th
in regard to authority of the Commissioners' Court
to purchase road machinery for one precinct, paying
a part of such purchase price out of 1941 revenues,
and issuing interest bearing warrant for payment
of balance of purchase price out of the Road and
Bridge Fund revenues for 1942.

"Your answer to this matter was in the affirma-
tive for reasons stated in your opinion #0-1703
(Conference Opinion #3098), provided, however, (you
state) that at the time the contract of purchase is
made a tax is levied to pay the debt, and interest
thereon, as provided in Section 7 Article 11 of the
State Constitution. This proviso leaves the method
of levying the tax for the payment of the debt and
interest somewhat uncertain.

"County Engineer Manton Hannah has worked out
a procedure which he thinks will be in line with
the contingency. Will you not, therefore, take the
matter under advisement and render a supplemtnal
opinion: (1) As to when and how a tax may be levied,
at a time other than the regular time in August, and,
(2) whether the procedure worked out by the County
Engineer is legal insofar as the purchase of road
equipment is concerned."

Considering your first question we call your attention to Article II, Section 7 of the Constitution of the State of Texas which provides:

" * * * But no debt for any purpose shall
ever be incurred in any manner by any city or
county unless provision is made at the time of
creating the same, for levying and collecting
a sufficient tax to pay the interest thereon
and provide at least two per cent as a sinking
fund; * * *."

It will be noted that the Constitution provides that to create a debt for any purpose the commissioners' court must "at the time of creating the same" provide for the "levying and collecting (of) a sufficient tax to pay the interest thereon and provide at least two per cent as a sinking fund * * *." Our courts have held several times that at the time a debt is created a tax must be simultaneously provided for in compliance with the provisions of the Constitution referred to. Lasater vs. Lopez, (S. Ct.) 217 S. W. 373; Colonial Trust Co. vs. Hill County, (Com. App.) 294 S. W. 516; Holman vs. Broadway Improvement Co., (Com. App.) 300 S. W. 15; Austin Bros. v. Montague County, 10 S. W. 2d 718; Colonial Trust Co. vs. Hill County, 27 S. W. 2d 144; Wade vs. Travis County (C. C. Tex.) 72 Fed. 985.

We believe the purchase of a drag line to be partially paid for out of taxes to be collected in future years creates a "debt" and comes within the provisions of Article 11, Section 7 of the Constitution. Colonial Trust Co. vs. Hill Co., (Com. App.) 294 S. W. 516; Austin Bros. vs. Patton (Civ. App.) 226 S. W. 702; Austin Bros. vs. Montague County (Civ. App.) 291 S. W. 628, reversed on other points (Com. App.) 10 S. W. 2d 718.

Article 2368-a of Vernon's Civil Statutes is applicable to the proposition under consideration. It is known and designated by the short title as the "Bond and Warrant Law of 1931." It provides for the issuance of warrants by counties for certain named purposes including the purpose under consideration. Section 8 of said statute, in part, provides as follows:

"Sec. 8. It is hereby made the duty of all
Commissioners' Courts and of all governing bodies,
as the case may be, to levy, and have assessed
and collected, taxes sufficient to pay the inter-
est as it accrues and the principal as it matures
on all bonds and time warrants issued in accord-
ance with the provisions of this Act. * * *."

We desire to call your attention to Article 2354, Vernon's Civil Statutes, which we believe is applicable to the levying of the tax in question and which should be observed in levying the tax. Said article provides as follows:

"No county tax shall be levied except at a regular term of the court, and when all members of said court are present."

In view of the constitutional and statutory provisions referred to and the holdings of the cases cited, we are of the opinion that the commissioners' court of McLennan County can and should contemporaneously with the date of the execution of the contract for the drag line, provide for the levying of a tax sufficient to pay the interest, create a sinking fund to retire the warrants, issued in payment thereof, at maturity, and to pay attorneys' fees if any are provided for in the warrants. We do not believe that the constitutional provision and statutes referred to require that at the time of the creation of the debt that the rate per cent of the taxable values of the county should be ascertained, and we quote as authority for this statement from the case of Mitchell County vs. City National Bank (S. Ct.) 43 S.W. 880, where the court in discussing the provisions of Article 11, Section 7 of the Constitution said:

"It was not the purpose of the convention in adopting the foregoing article to require that a city or county should, at the time of creating a debt, ascertain the rate per cent.required to be levied upon the taxable values of the county in order to raise a sufficient sum to pay the interest and provide a sinking fund upon that debt, and to actually levy that rate of tax at the time. Bassett v. City of El Paso, 88 Tex. 175, 30 S. W. 893. In the case cited, the city of El Paso had at the time that it determined to issue its bonds, by an ordinance, provided for the collection annually of a given sum for the purpose of paying the interest which might accrue upon the said bonds, and also a given sum to be raised annually as a sinking fund. This court said: 'The language and purpose of these provisions (of the constitution) seem to be satisfied by an order providing for the annual collection by taxation of sufficient sum to pay the interest thereon,and create a sinking fund, etc., though it does not fix the rate of per cent. of taxation

Hon. Tom A. Craven, page 4

for each year by which such sum is to be collected, but leaves the fixing of such rate for each successive year to the commissioners' court or city council. * * * As stated above, we have not deemed it necessary to determine whether the order of August 11, 1893, actually levied a tax, as we are of the opinion that it fully complied with the law by making provision for the collection of the interest and sinking fund by taxation.' What the constitution requires is that provision shall be made at the time, or shall have been previously made, by which the rate of tax to be levied is so definitely fixed -- as was done in the case last cited -- that it becomes merely a ministerial act to determine the rate to be levied. * * *."

We believe that the rate per cent of the taxable property of the county, which the commissioners' court believes is necessary and required to meet the payment of the debt in the manner heretofore indicated, could properly be ascertained at a regular or special meeting of the commissioners' court as provided in Article 7045 of Vernon's Civil Statutes, at which time the court ascertains and sets the regular county tax rate.

With regard to your second question, we advise you that there are no specific forms required by statute to be used in the issuance of time warrants. You are respectfully referred to Article 2368-a of Vernon's Civil Statutes, for the general procedure to be followed in the issuance of time warrants. You are further advised that it is customary for the person accepting the warrant to have the warrant and the procedure used in issuing the same examined by an attorney. Therefore, you would probably not have to pass on the legality of forms like those submitted in your request. A form of time warrant and forms to be used in the issuance thereof that were approved by this department might not be acceptable to the person to whom the warrant was issued or his assignee.

From what has been said you can see why this department feels that it is impractical and improper for it to approve the forms enclosed with your request and which you have asked this office to approve.

We are returning herewith the forms you enclosed in your letter.

Yours very truly,

APPROVED: Mar. 11, 1941     ATTORNEY GENERAL OF TEXAS    Approved:
/s/ Gerald C. Mann                                      Opinion
Attorney General of Texas    By /s/ Harold McCracken    Committee
HM:RS:rt                           Assistant         By:/s/BWB
ENCLOSURES                                           Chairman